<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARVIN VALLADARES, | |
| **Plaintiff,** | |
| **v.** | Civil Action No. 15-2408 (ES) (MAH) |
| GOVERNMENT NATIONAL MORTGAGE ASSOCIATION AS TRUSTEE FOR THE GINNIE MAE REMIC TRUST 2007-002, et al., | **OPINION** |
| **Defendants.** | |

SALAS, DISTRICT JUDGE

　　Pending before the Court are two motions to dismiss filed by Defendants Mortgage Electronic Registration System ("MERS") and Wells Fargo Bank, N.A., ("Wells Fargo"), (D.E. No. 12), and Government National Mortgage Association as Trustee for the Ginnie Mae Remic Trust 2007-002 ("Ginnie Mae"), (D.E. No. 19). The Court decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated below, the Court GRANTS Defendants' motions to dismiss.

## I.　　FACTUAL BACKGROUND & PROCEDURAL HISTORY

　　*Pro se* Plaintiff Marvin Valladares is the owner of property located at 639 Garfield Avenue, Jersey City, New Jersey (the "Property"). (D.E. No. 1, Complaint ("Compl.") ¶ 1). On November 8, 2006, Wells Fargo issued a residential loan (the "Loan") to Plaintiff for the Property. (*Id.* ¶ 27). On the same day, Plaintiff executed a note (the "Note") promising to pay Wells Fargo in monthly payments. (*Id.* ¶ 28). Also on this date, Plaintiff executed a mortgage (the "Mortgage") identifying Wells Fargo as the lender and MERS as the trustee. (*Id.* ¶ 29).

On June 12, 2009, Defendant Wells Fargo filed a foreclosure complaint in state court due to Plaintiff's failure to make payments due on the loan.  (*See* D.E. No. 12-8, State Court Foreclosure Action).  Plaintiff failed to respond to the foreclosure complaint.  (*See* D.E. No. 12-9, State Court Foreclosure Action Docket Sheet).  Default was subsequently entered.  (*Id.*).  Final judgment and a Writ of Execution were entered against Plaintiff on January 30, 2014.  (*See* D.E. No. 12-10, State Court Foreclosure Action Final Judgment).

Plaintiff alleges that, on January 30, 2007, prior to the State Court Foreclosure Action, the Note was bundled and sold to investors as a "'Mortgage Backed Security', issued by GINNIE MAE, entitled GINNIE MAE REMIC TRUST 2007-002" (the "Trust").  (*Id.* ¶ 30).  Accordingly, Plaintiff asserts that "Defendants and the [Trust] are not holders or holders in due course of the [Note] . . . and have no right to declare a default and no right to attempt to consummate a foreclosure" on the Property.  (*Id.* ¶ 38).

On April 6, 2015, Plaintiff filed the instant Complaint.[1]  (D.E. No. 1).  Specifically, the Complaint contains thirteen counts: (1) declaratory relief; (2) injunctive relief; (3) quiet title; (4) negligence per se; (5) accounting; (6) breach of the covenant of good faith and fair dealing; (7) breach of fiduciary duty; (8) wrongful foreclosure; (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607; (10) violation of the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601; (11) fraud in the concealment; (12) intentional infliction of emotional distress; and (13) slander of title.  (*Id.* ¶ 142-262).

---

[1] The Complaint is strikingly similar to other complaints filed in the District of New Jersey. Aside from the names of the parties and dates regarding the Note and Mortgage, the Complaint is nearly identical to the complaints filed in at least four other cases before the Undersigned and numerous cases before other District Court Judges in this District.

On June 24, 2015, Defendants MERS and Wells Fargo filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (D.E. No. 12-1, Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Mov. Br.")).  Defendants MERS and Wells Fargo argue that the Complaint should be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, the *Younger* doctrine, and the entire controversy doctrine, among others.  (*Id.* at 10-20).  Defendants also argue that Plaintiff fails to state a claim on which relief can be granted.  (*Id*. at 20-40).

On July 2, 2015, Plaintiff submitted a notice of pending bankruptcy seeking a stay in the proceedings pursuant to 11 U.S.C. § 362(a)(3).  (D.E. No. 13).  On July 9, 2015, Defendants MERS and Wells Fargo filed a brief in opposition to Plaintiff's request for a stay.  (D.E. No 14).

On July 20, 2015, Plaintiff filed a brief in opposition to Defendants MERS and Wells Fargo's motion to dismiss.  (D.E. No. 17, Plaintiff's Opposition Brief ("Pl. Opp. Br.")).  Plaintiff asserts that the *Rooker-Feldman* doctrine does not apply.  (*Id*. at 5-6).  Plaintiff further asserts that an actual controversy exists, but requests leave to amend the Complaint.  (*Id.* at 6-9).  Significantly, Plaintiff also agrees to withdraw the following claims: negligence per se, breach of the implied covenant of good faith and fair dealing, violation of HOEPA, violation of TILA, accounting, violation of RESPA, negligent infliction of emotional distress, and slander of title.  (*Id.* at 3-4).  On July 27, 2015, Defendants MERS and Wells Fargo filed a reply brief in further support of their motion to dismiss.  (D.E. No. 18).

On August 3, 2015, Defendant Ginnie Mae filed a separate motion to dismiss the Complaint.  (D.E. No. 19, United States' Brief in Support of its Motion to Dismiss).  Defendant Ginnie Mae expressly joins in the arguments set forth in MERS and Wells Fargo's motion to dismiss.  (*Id.*).  Ginnie Mae also asserts additional grounds for dismissal, including, but not limited

to, sovereign immunity and lack of standing.  (*Id*.).  Plaintiff has not opposed the second motion independently.

Additionally, on February 17, 2016, Plaintiff filed a notice of *Lis Pendens*.  (D.E. No. 28).  Defendants filed a brief in opposition on February 19, 2016.  (D.E. No. 29).  The motions are now ripe for adjudication.

## II.  DISCUSSION

### A.  Request for Stay of Motions to Dismiss Pending Chapter 13 Bankruptcy Proceeding

In his July 2, 2015 submission to the Court, Plaintiff requests a "stay on the hearing brought by the Defendants in their Motion to Dismiss" under 11 U.S.C. § 362(a)(3) due to his pending Chapter 13 Bankruptcy.  (D.E. No. 13).  Pursuant to § 362(a)(3), a bankruptcy petition "operates as a stay . . . of . . . any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  Here, it is Plaintiff who initiated the instant suit; Defendants are not seeking to obtain possession of property through this suit.  Accordingly, Plaintiff is not entitled to an automatic stay under 11 U.S.C. § 362(a)(3).

### B.  Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Defendants first move to dismiss under Rule 12(b)(1), arguing that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction.  (Def. Mov. Br. at 10-13).  Federal courts have limited jurisdiction and may adjudicate cases and controversies only as permitted under Article III of the Constitution.  *See* U.S. CONST. art. III, § 2; *see also Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323 (3d Cir. 1998).  Unless affirmatively demonstrated, a federal court is presumed to lack subject matter jurisdiction.  *See Ridge*, 150 F.3d at 323 (citing *Renne v. Geary*, 501 U.S. 312, 316 (1991)).  The burden of demonstrating the existence of federal jurisdiction is

on the party seeking to invoke it.  *See Common Cause of Pa. v. Pennsylvania,* 558 F.3d 249, 257 (3d Cir. 2009) (citing *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006)).

A motion to dismiss under Rule 12(b)(1) "attacks . . . the right of a plaintiff to be heard in Federal court." *Kurtzman,* 45 F.Supp.2d 423, 428 (D.N.J. 1999).  When ruling on such a motion, a distinction must be made between a facial and factual attack. *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).  If the Rule 12(b)(1) motion "is a facial attack, the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citing *Mortensen,* 549 F.2d at 891).  On the other hand, when the Rule 12(b)(1) motion is a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen* 549 F.2d at 891.

Here, Defendants' motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is a factual attack because it challenges the "actual facts" that support jurisdiction, and not merely how those facts were pled.  *See Pa. Shipbuilding Co.*, 473 F.3d at 514.  Accordingly, the Court may "review evidence outside the pleadings" in determining whether subject matter jurisdiction exists. *Id.* (citation omitted).

Defendants argue that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because the Complaint effectively asks this Court to review and reverse a state court foreclosure judgment in violation of that doctrine.  (Def. Mov. Br. at 10-11).  Plaintiff responds that *Rooker-Feldman* does not apply because "no response was filed in the State court action" on behalf of Plaintiff in opposition to the foreclosure action. (Pl. Opp. Br. at 5).  Plaintiff

also argues that, because Defendant MERS was not a party to the underlying state court action, MERS may not assert *Rooker-Feldman* as a defense against Plaintiff's claims in this suit.  (*Id.*)

The *Rooker-Feldman* doctrine bars federal district courts from hearing cases "that are essentially appeals from state-court judgments."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  In other words, the *Rooker-Feldman* doctrine bars a suit where "a favorable decision in federal court would require negating or reversing the state-court decision."  *Id.* at 170 n.4 (citations omitted).  The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision.  *See, e.g.*, *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008); *Ayres-Fountain v. E. Sav. Bank*, 153 F. App'x 91, 92 (3d Cir. 2005).

There are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  *Great W. Mining & Mineral Co.*, 615 F.3d at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim."  *Id.*

Additionally, for *Rooker-Feldman* to apply, the party against whom the doctrine is asserted need not have proactively litigated the issue in the prior state court proceeding.  *See Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992).  Rather, the doctrine bars re-litigation where the party merely had a "full and fair opportunity" to litigate the issue in the prior proceeding.  *See id.*

6

And finally, a plaintiff may not avoid *Rooker-Feldman* simply by naming defendants in a subsequent federal action who were not a party to the underlying state court case. *Bass v. Butler*, 116 F. App'x 376, 385 (3d Cir. 2004). Rather, the doctrine "only requires identity of the party against whom the doctrine is being invoked. Just as with collateral estoppel, there is no convincing reason to require identity of the party seeking to bar a claim under *Rooker-Feldman*." *Id.*

Here, the first and third prongs of the *Rooker-Feldman* doctrine are clearly met. Plaintiff lost in the state court foreclosure action, and that judgment was rendered on January 30, 2014–more than one year before Plaintiff filed the instant action in this Court on May 6, 2015. (*See* D.E. No. 12-10, State Court Foreclosure Action Final Judgment).

The second and fourth prongs are a closer call, but are met with respect to each of Plaintiff's remaining claims.[2] In arriving at this conclusion, the Court relies on *Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49 (3d Cir. 2013), in which the Third Circuit applied the *Rooker-Feldman* doctrine in nearly identical circumstances. In *Gage*, plaintiff defaulted on his mortgage, and the defendant bank subsequently filed a foreclosure complaint in state court. The plaintiff did not file a responsive pleading, and a final judgment of foreclosure was entered. *Gage*, 521 F. App'x at 51. According to the *Gage* court:

> The complaint reveals the nature of Gage's claims against Wells Fargo: that the bank had no right to foreclose on the property and therefore committed "criminal acts" by enforcing the foreclosure judgment (Counts I and IV). These claims are in essence an attack on the state court judgment of foreclosure. Furthermore, an aspect of the relief that Gage requests—to have the deed to the property restored to him—makes it abundantly clear that he seeks to overturn the foreclosure judgment.

*Id.*

---

[2] The remaining counts—those not voluntarily withdrawn by Plaintiff—include Count One (declaratory relief), Count Two (injunctive relief), Count Three (quiet title), Count Seven (breach of fiduciary duty), and Count Eleven (fraud in the concealment).

Here, the main thrust of Plaintiff's Complaint is that, due to the improper "securitization" of Plaintiff's mortgage, Defendants had no right to foreclose on the Property, and thus should not have received a foreclosure judgment in the state court proceeding.  (*See, e.g.*, Compl. ¶¶ 130, 131, 144, 156, 222-223).  The Court's review of the Complaint indicates that each outstanding Count relates directly to Defendants' alleged "right to foreclose" on the Property, or to harm that was allegedly caused by the obtaining of a foreclosure judgment in state court.  Thus, it is clear that these claims constitute the type of "attack on the state court judgment of foreclosure" which the *Rooker-Feldman* doctrine was intended to prohibit.  *See Willoughby v. Zucker, Goldberg & Ackerman, LLC*, No. 13-7062, 2014 WL 2711177, at *4 (D.N.J. June 16, 2014).

Plaintiff's arguments in opposition are of no avail.  As noted above, Plaintiff's failure to respond in the state court foreclosure action does not preclude the application of *Rooker-Feldman* to this case.  *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983) ("By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court.").  And further, Plaintiff cannot avoid *Rooker-Feldman* simply by including defendants in this action who were not parties to the state foreclosure action.  *See Bass*, 116 F. App'x at 385 (holding that a plaintiff "may not avoid *Rooker-Feldman* . . . simply because she named different defendants in her federal claim").

The *Rooker-Feldman* doctrine thus removes the Court's subject matter jurisdiction over the remaining claims.  Accordingly, the Court dismisses the entire Complaint with prejudice.  *See Cuevas v. Wells Fargo Bank, N.A.*, No. 14-6208, 2015 WL 5123746, at *5 (D.N.J. Sept. 1, 2015) *aff'd*, No. 15-3384, 2016 WL 759651 (3d Cir. Feb. 25, 2016) (applying *Rooker-Feldman* and dismissing complaint with prejudice for lack of subject matter jurisdiction).[3]

---

[3] Because the Complaint is dismissed pursuant to the *Rooker-Feldman* doctrine, the Court will not address Defendants' other arguments in favor of dismissal.

### C.  Notice of *Lis Pendens*

In his February 17, 2016 submission to the Court, Plaintiff also "requests the Court's approval of a notice of a *lis pendens*." (D.E. No. 28).  Defendants respond that a *lis pendens* is improper here because Plaintiff's mortgage on the Property "is obviated and the Plaintiff no longer has any right, title or interest in the property." (D.E. No 29).  Defendants further argue that a *lis pendens* is improper because both the Complaint and Plaintiff's briefing fail to "demonstrate any cognizable basis upon which to request a *lis pendens*." (*Id.*)

"The primary purpose of a *lis pendens* is to preserve the property which is the subject matter of the lawsuit from actions of the property owner so that judicial relief can be granted, if the plaintiff prevails." *Manzo v. Shawmut Bank, N.A.*, 677 A.2d 224, 227 (N.J. Super. Ct. App. Div. 1996).  "When a motion to discharge a *lis pendens* is made, 'the determination of the court will depend on whether there is a probability that a final judgment will be entered in favor of the plaintiff sufficient to justify the continuation' of the *lis pendens*." *Gage v. Wells Fargo Bank, N.A. AS*, No. 12-777, 2013 WL 3443295, at *6 (D.N.J. July 9, 2013) *aff'd*, 555 F. App'x 148 (3d. Cir. 2014) (quoting *Fravega v. Security Savings and Loan Assoc.*, 469 A.2d 531, 534 (N.J. Ch. Div. 1983)).

Here, because the Court dismisses the Complaint with prejudice, Plaintiff is unable to show a "probability that a final judgment will be entered [in his favor] sufficient to justify the continuation of the *lis pendens*." *See id.*  Accordingly, Plaintiff's notice of *lis pendens* is discharged.

## III.    CONCLUSION

For the above reasons, the Court grants Defendants' motions to dismiss the Complaint *with prejudice*.  An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**